KENJI M. PRICE #10523
United States Attorney
District of Hawaii

MARC A. WALLENSTEIN #10456
Assistant U.S. Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii   96850
Telephone:  (808) 541-2850
Email:  marc.wallenstein@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

```
                                              ┌─────────────────────────────┐
                                              │         FILED IN THE        │
                                              │ UNITED STATES DISTRICT COURT│
                                              │      DISTRICT OF HAWAII     │
                                              │        Jun 28, 2019         │
                                              │      SUE BEITIA, CLERK      │
                                              └─────────────────────────────┘
```

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | MAG. NO. 19-00604 KJM |
| | ) | |
| Plaintiff, | ) | CRIMINAL COMPLAINT; |
| | ) | AFFIDAVIT IN SUPPORT OF |
| v. | ) | CRIMINAL COMPLAINT |
| | ) | |
| LAURENCIO VALENZUELA,  (01) | ) | |
| DIANA PELAYO PABLOS,     (02) | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**CRIMINAL COMPLAINT**

I, the undersigned complainant, being duly sworn, state the following is true

and correct to the best of my knowledge and belief.

**Attempted Possession of Methamphetamine with Intent to Distribute**

On or about June 27, 2019, within the District of Hawaii, LAURENCIO VALENZUELA and DIANA PELAYO PABLOS, the defendants, did knowingly and intentionally attempt to possess with intent to distribute fifty (50) grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance,

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A).

I further state that I am a Special Agent with the U.S. Drug Enforcement Administration, and that this Complaint is based upon the facts set forth in the attached "Affidavit in Support of Criminal Complaint," which is incorporated herein by reference.

DATED:  June 28, 2019, Honolulu, Hawaii.

  /s/ Timothy H. Nguyen
TIMOTHY H. NGUYEN
Special Agent, DEA

This Criminal Complaint and Affidavit in support thereof were presented to, approved by, and probable cause to believe that the defendant above-named committed the charged crime found to exist by the undersigned Judicial Officer at _____9:57_____ _a_ .m. on June 28, 2019.

Sworn to under oath before me telephonically and attestation acknowledged pursuant to Fed. R. Crim. P. 4.1(b)(2), this 28th day of June, 2019.

Kenneth J. Mansfield
United States Magistrate Judge

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

TIMOTHY H. NGUYEN, being duly sworn, deposes and states as follows:

1.      I am a Special Agent with the U.S. Drug Enforcement Administration
("DEA") and am currently assigned to the DEA Enforcement Group in Honolulu,
HI.

2.      The information contained in this affidavit is based on my personal
knowledge and my training and experience, information obtained from other law
enforcement personnel, and witnesses.  This affidavit is intended merely to show
that there is probable cause for the requested arrest warrant and does not set forth
all of my knowledge about this matter.

3.      The conversations described in this affidavit took place in the Spanish
language.  The undercover law enforcement officers who engaged in the
conversations described in this affidavit are fluent Spanish speakers, and they have
relayed to me the content of those conversations in English.  The translations in
this affidavit are subject to revision.  They have not yet been verified or quality-
control checked, because Defendants have been arrested based on probable cause
and are currently in custody at the time of the drafting of this affidavit.

4.      On or about June 22, 2019, an undercover law enforcement officer
(UC-1) placed a recorded telephone call to LAURENCIO VALENZUELA's
cellular telephone, which he shares with his wife DIANA PELAYO PABLOS.

UC-1 and VALENZUELA discussed a transaction involving crystal methamphetamine ("ice").  VALENZUELA and UC-1 agreed that UC-1 would arrange to have 10 to 15 pounds of ice transported from California to Hawaii, and would arrange for the 10 to 15 pounds of ice to be delivered to VALENZUELA on or about June 26, 2019.  VALENZUELA and UC-1 agreed that VALENZUELA would pay UC-1 $8,000 for arranging this methamphetamine transaction.

5.      On or about June 26, 2019, UC-1 placed a series of two recorded telephone calls to VALENZUELA, one immediately after the next.  At the time of these two calls, surveillance had been established at the hotel on Maui where VALENZUELA and PABLOS were staying.  Law enforcement officers observed VALENZUELA and PABLOS talking on their cellular phone with UC-1.

6.      UC-1 informed Valenzuela that UC-1's associate in Hawaii would meet Valenzuela the following day at a to-be-determined location on Maui to give Valenzuela approximately 14 pounds of ice.  VALENZUELA agreed.  UC-1 heard PABLOS's voice over the phone saying, in sum and substance:  we don't even have a car.  UC-1 then asked VALENZUELA to take a photograph of a dollar bill and text it to UC-1.  UC-1 asked VALENZUELA to present the dollar bill when VALENZUELA met with UC-1's associate the following day on Maui to pick up the ice, so that UC-1's associate could verify VALENZUELA's identity using the serial number of the bill.  UC-1 also asked VALENZUELA to mark the bill.

2

VALENZUELA agreed and hung up.  VALENZUELA then called UC-1 back, and told UC-1 that he was looking for a marker to mark the bill.  VALENZUELA then sent UC-1 a photograph via text, which depicted a dollar bill bearing serial number G10270898D, with a black circle drawn on the bill.

7.      On or about June 27, 2019, at approximately 9:45am, UC-1 placed another recorded telephone call to VALENZUELA. UC-1 asked VALENZUELA to meet his associate at a restaurant parking lot located in Kahului, Maui (the "Restaurant").  UC-1 informed VALENZUELA that UC-1's associate would be waiting at the Restaurant to give VALENZUELA the ice.

8.      On or about June 27, at approximately 10:07am, surveillance observed VALENZUELA and his wife PABLOS arrive at the Restaurant. VALENZUELA then called UC-1 back and informed UC-1 that he had arrived at the Restaurant.  VALENZUELA asked UC-1 "es un vato grandote?" by which he meant "is [your associate] a big tall dude?"  UC-1 responded in the affirmative. VALENZUELA and his wife PABLOS then approached UC-2, who was another law enforcement officer posing as UC-1's associate.  Valenzuela showed UC-2 the same dollar bill that VALENZUELA had previously texted to UC-1, with the same serial number and black circle.

9.      UC-2 informed VALENZUELA that UC-2 would give VALENZUELA the 14, referring to 14 pounds of methamphetamine.  UC-2 then

3

handed VALENZUELA's wife a briefcase, and she accepted the briefcase.  The

briefcase contained approximately 12 pounds of pseudo-methamphetamine.  Law

enforcement personnel then took VALENZUELA and his wife into custody.

10.     After being read *Miranda* warnings in Spanish, and waiving his

*Miranda* rights both verbally and in writing, VALENZUELA stated that a friend of

his had directed VALENZUELA to fly to Maui in order to pick up drugs for him,

and in exchange, VALENZUELA would be paid $2000.  VALENZUELA stated

that he knew that the briefcase that he and his wife had picked up from UC-2

contained drugs, but that he believed the drugs were cocaine, not

methamphetamine.  VALENZUELA stated that his wife had accepted the briefcase

on VALENZUELA's behalf.

//

//

//

//

//

//

//

//

//

4

## **CONCLUSION**

11.     Based on the foregoing, I respectfully submit that probable cause

exists to believe that LAURENCIO VALENZUELA and DIANA PELAYO

PABLOS, the defendants, committed the above-describe offense.

Respectfully submitted,

_____/s/ Timothy H. Nguyen_____
TIMOTHY H. NGUYEN
Special Agent, DEA

This Criminal Complaint and Affidavit in support thereof were
presented to, approved by, and probable to believe that the defendant
above-named committed the charged crime found to exist by the
undersigned Judicial Officer on June 28, 2019.

Sworn to before me telephonically and attestation acknowledged pursuant to Fed.
R. Crim. P. 4.1(b)(2), this 28th day of June, 2019, at Honolulu, Hawaii.

_____
Kenneth J. Mansfield
United States Magistrate Judge

5